IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. CV_____ |
| | * |
| LCARR HOLDINGS, INC.; | * |
| DENNIS LANCE CARR; and | * |
| MIKE ASKEW, as trustee of The Lance | * |
| D. Carr Trust | * |
| | * |
| Defendants. | * |
| | * |

**PLAINTIFF'S COMPLAINT**

COMES NOW, PNC Bank, National Association (hereinafter "Plaintiff" or "PNC"), the Plaintiff in the above-styled cause, by and through the undersigned counsel of record, and hereby states the following for its Complaint against Defendants LCARR Holdings, Inc. ("LCARR"); Dennis Lance Carr ("Carr"); and Mike Askew as trustee of The Lance D. Carr Trust (hereinafter "Askew") (hereinafter collectively "Defendants"):

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(A)(1) in that this is a civil action between a Delaware national association and citizens of Alabama, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) in that a Defendant resides in this District.

## PARTIES

3. Plaintiff PNC is a national association with its designated office in Delaware.

4. Defendant LCARR Holdings, Inc. is a domestic corporation with a registered business address of 24 E 12th Street, Anniston, AL 36201.

5. Defendant Dennis Lance Carr is an individual resident of the State of Alabama with a residence address of 26350 Cotton Bayou Drive, Orange Beach, AL 36561.

6. Defendant Mike Askew is an individual resident of the State of Alabama with a residence address of 17344 Oyster Bay Road, Gulf Shores, AL 36542. Askew is the trustee of the Lance D. Carr Trust.

## FACTUAL BACKGROUND

7. On November 4, 2019, Defendant Carr applied for a business loan (hereinafter the "Loan") with BBVA Compass, PNC's predecessor in interest, on behalf of Defendant LCARR.

8. Said Loan was accepted and approved by BBVA Compass and LCARR was provided with $468,000 pursuant to the Loan. (See the Loan Agreement attached hereto as "Exhibit A").

9. Carr signed on as a personal guarantor on the Loan. (Ex. A at p. 2; see also the Guaranty Agreement attached hereto as "Exhibit B").

10. Askew is the Trustee of the Lance D. Carr Trust (hereinafter the "Trust"). The Trust signed on as a guarantor on the Loan by signature of its Trustee, Askew. (See the Guaranty Agreement attached hereto as "Exhibit C").

11. The Guaranty Agreements entered into by Carr and Askew state as follows:

CONTINUING GUARANTEE OF PAYMENT AND PERFORMANCE. For good and valuable consideration, Guarantor absolutely and unconditionally guarantees full and

> punctual payment and satisfaction of the indebtedness of Borrower and Lender, and the performance and discharge of all Borrower's obligations under the Note and the Related Documents. This is a guaranty of payment and performance and not of collection, so Lender can enforce this Guaranty against Guarantor even when Lender has not exhausted Lender's remedies against anyone else obligated to pay the Indebtedness or against any collateral securing the indebtedness, this Guaranty or any other guaranty of the Indebtedness. Guarantor will make any payments to Lender or its order, on demand, in legal tender of the United States of America, in same day funds, without set-off or deduction or counterclaim, and will otherwise perform Borrower's obligations under the Note and Related Documents. Under this Guaranty, Guarantor's liability is unlimited and Guarantor's obligations are continuing.

(See Exs. B & C at p. 1).

12. Following the execution of the Loan, BBVA Compass changed its name to BBVA USA. PNC subsequently purchased BBVA USA in 2021. Pursuant to said purchase, PNC subsumed the customers and assets of BBVA USA, including Defendants LCARR, Carr, and Askew.

13. Pursuant to the terms and conditions governing the Loan, Defendants were required to make "59 regular payments" beginning on December 4, 2019, and "all subsequent payments are due on the same day of each month after that." (See the Note attached hereto as "Exhibit D").

14. Additionally, an "Event of Default" under the Loan includes the "Borrower fail[ing] to make any payment when due under the Loan." (Ex. A at p. 3).

15. Upon the occurrence of an "Event of Default," the Loan provides that "at Lender's option, all Indebtedness immediately will become due and payable, all without notice of any kind to Borrower." (Ex. A at p. 4).

16. As of the date of the filing of this Complaint, the Defendants have failed to make a payment on the Loan in more than 200 days.

17. Defendants were informed of the terms and conditions governing the Loan as evidenced by their signatures on the Loan Documents. (See generally Exs. A-D).

18.     Pursuant to the terms of the Loan, upon the occurrence of an "Event of Default" the Defendants must "pay upon demand all of Lender's costs and expenses, including Lender's attorney's fees and Lender's legal expenses, incurred in connection with the enforcement of this Agreement." (Ex. A at p. 5).

19.     The Loan is further secured by a "Preferred Ship Mortgage", dated November 4, 2019, and executed on November 13, 2019. Pursuant to the Preferred Ship Mortgage, PNC has the right to foreclose on the mortgage, among other things. (See the "Preferred Ship Mortgage" attached hereto as "Exhibit E"). The vessel covered by the Preferred Ship mortgage is known as the Alma Ann (Official Number 1154341) which, upon information and belief, is located at 26390 Cotton Bayou Drive in Orange Beach, Alabama.

20.     Defendants have materially breached the Loan agreement with PNC by failing to make payments when due and said breach is continuing in nature.

21.     The amount due by Defendants to PNC is increasing as interest, per diem, and legal expenses continue to accrue.

22.     As of the date of filing this Complaint, the amount due to PNC under the Loan is greater than $400,000.00.

## CAUSES OF ACTION
## COUNT I – BREACH OF CONTRACT

23.     PNC restates, realleges, and incorporates by reference, as if set forth fully herein, the preceding Paragraphs of this Complaint.

24.     LCARR entered into an agreement with PNC where PNC agreed to loan LCARR money with the understanding that such money would be paid back, with interest, in the time and manner defined in the Loan.

25. LCARR has failed to make the payments due to PNC and has allowed the balance to become delinquent by failing to make the required payments due under the Loan in more than 200 days.

26. LCARR is, therefore, in default under the terms of the Loan, representing a material breach of the Loan.

27. Defendant Carr, as a signatory and guarantor of the Loan, is jointly and severally liable for LCARR's default.

28. Defendant Askew, as the trustee for the Lance D. Carr Trust and a signatory guarantor under the Loan, is jointly and severally liable for LCARR's default.

## COUNT II – MONEY DUE AND OWING ON OPEN ACCOUNT

29. PNC restates, realleges, and incorporates by reference, as if set forth fully herein, the preceding Paragraphs of this Complaint.

30. PNC delivered money to LCARR as a loan and there is outstanding principal and interest on the Loan which has not been paid.

31. Defendant Carr is a guarantor on the Loan and is jointly and severally liable for the money delivered under the Loan and yet unpaid.

32. Defendant Askew is a guarantor on the Loan and is jointly and severally liable for the money delivered under the Loan and yet unpaid.

33. PNC is entitled to a judgment against the Defendants for the money due and owing under the Loan in an amount exceeding $400,000.00, plus accruing interest and per diem charges, in addition to collection costs, attorney's fees, and the cost of maintaining this action.

WHEREFORE, PNC prays for relief in an award of the money due and owed to PNC under the terms of the Loan entered into by Defendants in an amount to be determined at trial, plus

accruing interest and per diem charges, collection costs, attorney's fees, and the cost of maintaining this action against Defendants.

## REQUEST FOR BENCH TRIAL

PNC hereby requests a bench trial to preserve judicial economy and expedite the final outcome of the action.

Respectfully submitted:

/s/ ***Brandon M. Lawson***
BRANDON M. LAWSON (LAW057)
*Attorney for Plaintiff PNC Bank, National Association*

**OF COUNSEL:**
ADAMS AND REESE LLP
11 N. Water Street, Suite 23200
Mobile, Alabama 36602
(Mailing: P.O. Box 1348, 36633)
(251) 433-3234 Main
(251) 438-7733 Fax
brandon.lawson@arlaw.com

**REQUEST FOR SERVICE BY PRIVATE PROCESS SERVER**

Pursuant to FRCP 4(b) and 4(c), Plaintiff hereby advises that service of the foregoing "Summons and Complaint" will be by private process server to the following individuals listed below and addressed as follows:

LCARR Holdings, Inc.
24 E 12th St
Anniston, AL 36201

Dennis Lance Carr
26350 Cotton Bayou Drive
Orange Beach, AL 36561

Mike Askew
17344 Oyster Bay Road
Gulf Shores, AL 36542